## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHANEL TAYLOR** | ) | |
| *by her next friend* | ) | |
| *Morline Patton Taylor* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-cv-01351-CAS |
| | ) | |
| **CHIEF DANIEL ISOM, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PRETRIAL BRIEF

Defendants, submit the following brief outlining the facts and points of law that entitle them to judgment in their favor.

### I.      Statement of Issues

This is an action brought under 42 U.S.C. §1983 and §1988.  Plaintiff, Chanel Taylor, alleges violation of her Fourth and Fourteenth Amendments to the United States Constitution.  More specifically, Plaintiff is bringing federal causes of action for excessive force, unlawful seizure by arrest and detention, and conspiracy.  Plaintiff's state law claims assert assault and battery and false arrest.  Each of these claims are specifically brought against the individual Officer Defendants.  There are no claims specifically naming Chief Daniel Isom, the Board or its individual members.

1

## II.    Evidence at Trial

The evidence will show that on or about September 28, 2010, while at the intersection of Riverview and McLauren, Plaintiff Chanel Taylor alleges she observed police brutality against her friend, Kwame Hill.  At the time, Kwame was resisting arrest after officers realized he was wanted for a home burglary.  Plaintiff had no idea why Kwame was being detained or arrested by the officers.  When she witnessed two officers pinning Kwame on the ground she approached the officers within six feet and yelled that they had no right to do what they were doing.  She alleges one of the officers yelled for her to get back.  That statement made her angry and she continued to yell and approach the arresting officers.

As a result of a growing crowd around the officers and Kwame's continued effort to resist, the officers called for backup.  When backup arrived Officer Taylor, who was arresting Kwame, directed Officer Stockley to arrest Plaintiff.  As Officers Stockley, Christ and Dresch attempted to arrest Plaintiff she resisted.  As they continued to place her arms behind her back, Dresch and Stockley heard a pop.  Neither officer realized the pop they heard was Plaintiff's arm breaking.  They eventually cuffed her and transferred her to the district where she was then taken by ambulance to Children's Hospital.  She was eventually diagnosed with a broken right humerus. After

2

being treated at Children's Hospital Plaintiff was returned to the precinct where she was formally booked and charged.

### III. Officer Defendants and Chief Daniel Isom are entitled to Eleventh Amendment immunity on Plaintiff's claims under 42 U.S.C. §1983.

Plaintiff's Second Amended Complaint asserts allegations against defendants Chief Daniel Isom, Officer Stockley, Officer Dresch, Officer Christ and Officer Taylor only in their official capacities and not their individual capacities.  Section 1983 only provides for actions against a 'person,' acting under color of law, for a civil rights violation.  McLean v. Gordon, 548 F.3d 613, 618 (8th Cir. 2008).  When a plaintiff seeks monetary relief, "[n]either [the] state nor its officials acting in their official capacities are [considered] 'persons' under §1983."  Id. at 618 (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).  Accordingly, the state officials acting in their official capacities cannot be held liable under §1983 for monetary relief because they are entitled to Eleventh Amendment immunity.  Morstad v. Dep't of Corr. and Rehab., 147 F.3d 741 (8th Cir. 1998)(citing Ky. v. Graham, 473 U.S. 159, 169 (1985)).

### IV. Plaintiff cannot maintain a claim against the St. Louis Board of Police Commissioners.

In addition to the individual officers, Plaintiff named the Board of

Police Commissioners through its individual members as Defendants.[1]  (Doc.
# 44).  However, other than listing the Board in the caption of the Second
Amended Complaint, Plaintiff fails to allege any specific allegations of
negligence against them.  Thus, it is clear from the Second Amended
Complaint that Plaintiff named the Board members because she seeks to hold
the Board liable for the alleged acts of Officers Stockley, Dresch, Christ and
Taylor under a theory of municipal liability.

### A. Plaintiff will not be able to establish a Monell claim against the Board.

In <u>Monell</u>, the Court stated that "a municipality cannot be held liable
*solely* because it employs a tortfeasor-or, in other words, a municipality
cannot be held liable under §1983 on a *respondeat superior* theory."  <u>Monell v.
Dep't of Soc. Servs</u>., 436 U.S. 658, 691 (1978) (emphasis in original).  Rather,
municipal liability exists only if a plaintiff can establish that either a
municipal *policy* or *custom* is the moving force behind the constitutional
violation.  <u>Wedemeier v. City of Ballwin, Mo</u>., 931 F.2d 24, 26 (8th Cir. 1991)
(citing <u>Monell</u>, 436 U.S. at 694) (emphasis added).  A plaintiff must then
establish that such a municipal custom or policy is implemented to such a

---

1.  Any claim against the Saint Louis Metropolitan Police Department must be brought against the
Board of Police Commissioners, naming and serving each individual Board member.  The St.
Louis Board of Police Commissioners is the government agency "authorized and required to
appoint, enroll, and employ a permanent police force" for the City of St. Louis.  §84.100;
§§84.010 to 84.340 RSMo. 2000.

degree as to amount to "*deliberate indifference*" of constitutional rights.  Lund v. Hennepin County, 427 F.3d 1123, 1125 (8th Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378, 388-91 (1989)) (emphasis added).  However, the Board cannot be held liable under municipal liability theory unless and until an identified municipal employee is found liable on an underlying constitutional claim.

"Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."  Board of County Comm'rs v. Brown, 520 U.S. 397, 405 (1997).  "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."  City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985). A "plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a *particular* constitutional or statutory right will follow the decision." Brown, 520 U.S. at 411 (emphasis in original).

The evidence will show on the date of the incident, "Rule 9, Section 9.204 of the Police Manual was in force: Duty to Arrest – the exercise of the power to arrest without warrant should be accompanied by prudence and

discretion, with enough reasonable cause and supporting evidence to support the arrest." The evidence will further show the police manual and the procedure for arrest do not advocate, approve, or permit improper arrest. These police manual rules will negate any claim by Plaintiff against the Board that there was an official policy or custom of the Board's to allow officers to arrest someone without probable cause.  See <u>Venekiase v. City of Fargo</u>, 248 F.3d 738, 748 (8th Cir.) (no evidence existed in record that City followed a custom of having its police officer arrest picketers who were not in violation of the law).

## B. Plaintiff will not be able to establish a custom or usage claim against the Board.

Assuming Plaintiff is arguing misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law," Defendants believe that evidence will not show (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by Board employees; (2) deliberate indifference to or tacit authorization of such conduct by Board members after notice to them of that misconduct; and (3) that the Plaintiff was injured by acts pursuant to the Board's custom.  <u>Ware v. Jackson County, Mo.</u>, 150 F.3d 873, 880 (8th Cir. 1998) (quoting <u>Monell,</u> 436 U.S. at 691).

### C. Plaintiff will not be able to establish a failure to supervise claim against the Board.

Defendants are also entitled to judgment as a matter of law on Plaintiff's §1983 claim against the Board under a failure to supervise or train theory should also be dismissed.  To hold the Board liable in its supervisory capacity under §1983, absent direct participation in the constitutional violation (which has not been alleged), Plaintiff must show that the Board's "failure to train or supervise the offending actor caused the deprivation." Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997).  Defendants do not believe Plaintiff can make this showing regarding either failure to supervise or failure to train.

"To show that the Board violated plaintiff's constitutional rights by failing to supervise, it must be shown that the Board: "(1) Received notice of a pattern of unconstitutional acts committed by subordinates; (2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) Failed to take sufficient remedial action; and (4) That such failure proximately caused injury to [plaintiff]." Otey, 121 F.3d at 1155.

In this case, the events in question took place in a single day.  Plaintiff has not alleged nor is there any evidence that the Board had any notice of the impending constitutional violations before their occurrence.  Thus, the Board had no notice of the alleged unconstitutional acts and could not have taken

remedial action to prevent Plaintiff from suffering injury.  Accordingly,

Plaintiff has not stated a cognizable cause of action for failure to supervise.

### D. Plaintiff will not be able to establish a failure to train claim against the Board.

To state a claim under a failure to train theory, Plaintiff must show

that police training procedures "were inadequate and likely to result in

violation of constitutional rights," and that the Board was on notice of this

inadequacy.  Larkin v. St. Louis Housing Auth. Dev. Corp. , 355 F.3d 1114,

1117 (8th Cir. 2004); Thelma D. ex rel. Delores A. v. Board of Educ., 934 F.2d

929, 934 (8th Cir. 1991).  To establish notice, Plaintiff may either: (1) "show

that failure to train is so likely to result in a violation of constitutional rights

to result in a violation of constitutional rights that the need for training is

patently obvious;" or (2) "show that a pattern of misconduct indicates that the

[Board's] responses to a regularly occurring situation are insufficient to

protect the people's constitutional rights."  Larkin, 355 F.3d at 1117 (internal

quotations omitted).  The burden is on Plaintiff to show that inadequate

training was the cause of the alleged constitutional violations.  Larkin, 355

F.3d at 1118.

Here, Plaintiff cannot demonstrate how the training program of the

Board is inadequate.  To the contrary, the Board provides extensive training

to its officers.  This includes training regarding arrest procedures, including,

but, not limited to, use of force techniques.  However, even if Plaintiff could demonstrate that the Board's training was inadequate, when, as anticipated here, a Plaintiff does not set forth any evidence regarding notice of inadequate training, judgment will be upheld even assuming that the training is in fact inadequate.  Thelma D., 934 F.2d at 935.  In sum, Plaintiff's bare assertions of that the Board failed to adequately supervise and train the individually named officers are without any support whatsoever, and, therefore, Defendants should be granted judgment as a matter of law on Plaintiff's claims against the Board.

## V.    Defendants are entitled to judgment as a matter of law on qualified immunity grounds on Plaintiff's claims under 42 U.S.C. § 1983.

### A. Excessive Force

Plaintiff asserts a claim for excessive force against the Officer Defendants under §1983 alleging they used excessive force when arresting Plaintiff which resulted in a broken arm.  Qualified immunity shields Defendants "from liability in a §1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown v. City of Golden Valley, 574 F.3d 491, 495 (8th Cir.2009)(citing Hope v. Pelzer, 536 U.S. 730, 739 (2002));

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Stepnes v. Ritschel, 663 F.3d 952, 960 (8th Cir. 2011)).

To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, Plaintiff must prove the amount of force used by Defendants was unreasonable under the particular circumstances. See Graham v. Conner, 490 U.S. 386, 396-397 (1989).  The evidence in this case will show the circumstances at the time were tense, uncertain, and rapidly evolving, Plaintiff potentially posed a threat to the safety of the officers and that she was resisting arrest.  Thus, from the perspective of the arresting officers, the force used by them was objectively reasonable.

### B. Unlawful Arrest

Under Count II of the Second Amended Complaint Plaintiff asserts claims against the Officer Defendants under §1983 alleging they did not have reasonable grounds or probable cause to arrest her.  Qualified immunity also shields Defendants from liability in this claim.  See Brown, 574 F.3d at 491-495 (citing Hope, 536 U.S. at 730-739.

"'It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments.'" Marksmeier v.Davie, 622 F.3d 896, 900 (8th Cir. 2010)(quoting Hannah v. City of Overland, Mo., 795 F.2d 1385,1389 (8th Cir.

1986)). An officer, however, is entitled to qualified immunity for a warrantless arrest if there was at least "arguable probable cause." Borgman v. Kelley, 646 F.3d 518, 522-23 (8th Cir. 2011)(citing Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005)); Fisher v. Wal-Mart Stores, Inc., 619 F.3d 811, 816 (8th Cir. 2010)(citing Amrine v. Brooks, 522 F.3d 823, 832 (8th Cir. 2008))(a warrantless arrest is consistent with the constitution if it is supported by probable cause).

The evidence will show the arresting officers had probable cause to make a warrantless arrest based on the circumstances at the time of the arrest and that Plaintiff's actions were sufficient to lead a reasonable person to believe that she committed or was committing an offense by interfering with officers.  See Borgman, 646 F.3d at 523.

### C. Section 1983 Conspiracy

Plaintiff "must 'allege with particularity and specifically demonstrate material facts that Defendants reached an agreement'" to withstand summary judgment on his § 1983 conspiracy claim.  Reasonover v. St. Louis County, Mo., 447 F.3d 569, 582 (8th Cir. 2006) (quoting Marti v. City of Maplewood, 57 F.3d 680, 685 (8th Cir.1995)).  See also White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008).

To prove a §1983 conspiracy claim, Plaintiff must prove; (1) two or more

11

persons conspired to deprive another of a constitutional right; (2) the act was done in furtherance of the conspiracy; and (3) injury.  <u>Marti v. City of Maplewood, Missouri</u>, 57 F.3d 680, 685 (8th Cir. 1995).   Although it is not necessary for Plaintiff to prove that each participant in the conspiracy knew of the exact plan, it is necessary for Plaintiff to specifically demonstrate material facts proving Defendants reached an agreement to deprive Plaintiff of a constitutionally guaranteed right.  <u>White v. McKinley</u>, 19 F.3d 806, 816 (8th Cir. 1996).

Plaintiff's conspiracy claim was just recently added in her Second Amended Complaint.  Defendants believe that the evidence will not show Defendants formed an agreement to engage in the alleged acts or to otherwise violate Plaintiff's constitutional rights. See, e.g., <u>Snelling v. Westhoff</u>, 972 F.2d 199, 200 (8th Cir.1992) (citing <u>Rogers v. Bruntrager</u>, 841 F.2d 853, 856 (8th Cir.1988) (conspiracy claim requires allegations of specific facts showing "meeting of minds" among alleged conspirators)).  Moreover, and as is set forth above, Defendants believe Plaintiff will be unable to prove she was deprived of a constitutional right.  Accordingly, Defendants are entitled to judgment as a matter of law on this claim.

In sum, in the circumstances presented to the officers, there is no case law demonstrating a clearly established rule prohibiting them from acting as

12

they did.  Here, none of the officers used excessive force against Plaintiff.

Officer Stockley, Dresch and Christ also had probable cause to arrest

Plaintiff.  As a matter of law, then, qualified immunity bars Plaintiff's §1983

claims against all Officer Defendants.

## VI.   This Court should decline to exercise its supplemental jurisdiction over state law claims of false arrest and battery.

Because the Officers are entitled to dismissal of the federal claims, this

Court should dismiss Plaintiff's state law claims.  <u>United Mine Workers of

America v. Gibbs</u>, 383 U.S. 715, 726 (1966).  In any event, as is set forth

above, Defendants believe that the evidence will show that they are entitled

to judgment as a matter of law on these claims.

## VII.   Plaintiff cannot meet the standard for an award of punitive damages.

Plaintiff has indicated that she is seeking punitive damages.  Punitive

damages are only awarded after showing of "evil motive or intent" or

"reckless or callous indifference."  <u>Naucke v. City of Park Hills</u>, 284 F.3d 923,

929 (8th Cir. 2002).  Defendant anticipates that there will be insufficient

evidence at trial supporting a claim for punitive damages.

## VIII. Collateral Matters and Hearsay Evidence.

Defendants will file Motions in Limine seeking pre-trial rulings on

issues pertaining to what Defendant maintains are collateral issues and

which will be comprised largely of hearsay matters.  Plaintiff has made clear that she intends to present evidence of Defendant Stockley mental status. Defendant maintains that this evidence is inadmissible and should be excluded.

### IX.    Substantive and Procedural Issues.

Defendant does not anticipate any unusual substantive or procedural issues.


Respectfully submitted,

CHRIS KOSTER
Missouri Attorney General


/s/Dana Walker Tucker
Dana Walker Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63101
(314) 340-7652 telephone
(314) 340-7891 facsimile
Dana.tucker@ago.mo.gov
*Attorney for defendants*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available electronically to the following electronic filing participants.  A courtesy copy of the forgoing was also hand delivered to the chambers of Judge C. Shaw.


Larry S. Fields
FIELDS AND ASSOCIATES LLC.
401 S. 18th Street, Ste 425
St. Louis, MO. 63103
314-241-3535 Telephone
314-241-3536 Facsimile
Lsf19@msn.com
*Attorney for Plaintiff*


<u>/s/ Dana W. Tucker</u>