UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHANEL TAYLOR, | ) |
| | ) |
| Next Friend:  Morline Patton Taylor | ) |
| 8509 Riverview BLVD. | ) |
| St. Louis, MO. 63147 | ) |
| | )   Case No. 4:11-CV-01351 CAS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   JURY TRIAL DEMANDED |
| | ) |
| CHIEF OF POLICE DANIEL ISOM | ) |
| et al. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION IN LIMINE TO PROHIBIT THE INTRODUCTION OF EVIDENCE CONCERNING HER JUVENILE ARREST RECORD AND STATEMENTS MADE TO HEALTH CARE PROVIDERS NOT INVOLVING HEALTH CARE TREATMENT**

Plaintiff, Chanel Taylor, by her undersigned counsel, respectfully submits this Motion in Limine and requests that this Court issue an Order prohibiting Defendants Daniel Isom et al, their attorneys, from using, referring to, submitting documents, or in any other manner whatsoever mentioning Plaintiffs Juvenile arrest record for assault on a police officer and statements to health care providers that do not involve medical treatment.

**INTRODUCTION**

As is more fully set forth in the Second Amended Complaint, Plaintiff was unlawfully arrested and assaulted by Defendants.  As was revealed during the discovery phase of these proceeding and as part of its scorched earth tactics in defending this case, it is anticipated that Defendants intend to introduce evidence related to Plaintiffs juvenile arrest record and comments allegedly made to health care providers in the course of receiving medical attention.

1

In this age it is hard to fathom evidence that could be any more prejudicial to a party in litigation. Since this evidence is so extremely prejudicial, the Court should completely exclude any mention or reference of it at any phase of the trial.

## ARGUMENT

A.   **The Prejudice Outweighs the Probative Value**

The evidence in question should not be admitted because it is prejudicial and no limiting instruction from this Court could cure the prejudice. Fed.REvid. 403 Provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

The term "unfair prejudice" means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" Advisory Committee Note to Fed.R.Evid. 403.

Despite the fact that the strength of this country lies in the diversity of its people, in today's environment of reality television and the sixty-second news cycle, being an African American Female carries a stereotype that cannot be ignored by our judicial system. To permit the jury to hear that Ms. Taylor has a juvenile record or allegedly mentioned incriminating facts to health care providers will unquestionably cause the jury "to base its decision on something other than the established propositions in the case. Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence." 2 Weinstein's Federal Evidence, §403.04(1)(b), at 403-41 (2d. 2003). While this is a civil proceeding, the fact that Plaintiff has a juvenile arrest, even though Plaintiff successfully completed probation and denies offering the health care provider information contained in medical records, is likely to be viewed by the jury as evidence of guilt.

Courts have routinely found highly charged evidence of the type at issue to be unfairly prejudicial and, therefore, inadmissible. In <u>Nichols v. American Nat'l Ins. Co.,</u>

the court ruled it was an abuse of discretion to permit testimony in a Title VII sexual harassment case that the plaintiff had an abortion, in contravention of her religious beliefs, because of the increased likelihood that the jury would view her as immoral and not worthy of trust. 154 F. 3d 875, 884-85 (8th Cir. 1998).   In People of Guam v. Shymanovitz, testimony regarding sexually explicit magazines found in the defendant's residence were prejudicial in a case involving prosecution for unlawful solicitation of minors because the jury could infer that just because the defendant was a homosexual, he must have engaged in the illicit sexual activity with the minors 157 F.3d 1154, 1160 (9th cir. 1998).   In United States v. Fulmer, the court held that the admission of testimony which mentioned the Oklahoma City bombing of the federal building was unduly prejudicial when offered in a case one week later where the defendant was on trial for threatening a federal officer. 108 F3d 1486, 1498 (1st Cir. 1997). Here, Plaintiff's juvenile record is certainly more prejudicial than probative and should be excluded by this Court.

B.  **The Evidence May Not Be Used For Impeachment**

The evidence of Plaintiff's prior record is also not admissible for impeachment purposes.  While Fed.R. Evid 609 allows impeachment by evidence of criminal convictions, this Rule is inapposite because the Plaintiff was a minor at the time of the incident.  Impeachment by evidence of "bad acts" is permitted under Fed. R. Evid. 608(b), but only "if probative of truthfulness or untruthfulness."  In Hafner v. Brown the court affirmed the exclusion of evidence of a witness's past arrests that were not probative of the witness's credibility.  983 F.2d 570, 576 (4th Cir. 1992).  Likewise, Plaintiff's juvenile arrest record and statements to health care providers have nothing whatsoever to do with her credibility because she has not been accused of concealing involvement or making false statements to the government during their investigation.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant her Motion in Limine and enter an order prohibiting Defendants from introducing into evidence or in any other manner referring to Plaintiffs juvenile record or statements to health care providers.

Respectfully submitted,

Fields and Associates LLC.

S/Larry S. Fields
Larry S. Fields 58044
401 S. 18th Street
Suite 425
St. Louis, Mo. 63103
(314) 241-3535

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013, I sent via Clerk of the U.S. District Court for the Eastern District of Missouri's Electronic Filing system, a true and exact copy of the foregoing to all Defendants of record and a courtesy copy to Honorable Judge Charles A. Shaw's Chambers.

S/Larry S. Fields