UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHANEL TAYLOR )<br>By next friend Morline Patton Taylor )<br> )<br>    Plaintiff )<br>v. )<br> )<br>DANIEL ISOM CHIEF OF POLICE et. al)<br> )<br>    Defendant. ) | Cause No. 4:11-cv-01351 CAS |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

("Defendants") by and through counsel, submit the following as their responses to Plaintiff's Motion to Compel:

**I.**     <u>**BACKGROUND**</u>

On or about December 8, 2012, Plaintiff filed a Second Amended Complaint. (Doc. #44). In her Second Amended Complaint, Plaintiff named Officers Nathan Dresch, Mickey Christ, Jason Stockley and LaTroy Taylor in their official capacities as police officers of the St. Louis Metropolitan Police Department. (Doc. #44 Paragraphs 4-7). Plaintiff's five count complaint asserts allegations of a violation of 42 U.S.C. §1983, unlawful seizure by arrest and detention, conspiracy, battery and false arrest. Plaintiff's cause of action in each of these counts is specifically directed toward Defendants Stockley, Dresch, Taylor, and Christ. Although Plaintiff also named Chief of

1

Police, Daniel Isom and each individual member of the St. Louis Board of Police Commissioners, there are no allegations of wrongdoing directed against Chief Isom, any individual Board member or the Board as a whole.

On or about February 20, 2013 Plaintiff forwarded to Defendants Plaintiff's Second Requests for Production of Documents. Defendants responded timely setting forth their responses and objections. The parties have attempted to resolve discovery disputes related to Defendants' objections to no avail.

## II.  **LEGAL STANDARD**

"Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents ..." Fed.R.Civ.P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.,* 160 F.3d 428, 431 (8th Cir.1998) (citation omitted). To determine if a matter is discoverable, the analysis may require the court to first determine whether the sought discovery is relevant to a claim or defense. "However, although the standard of relevance in the context of discovery may be broader than in the context of admissibility, 'this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.' " *Ariel Preferred Retail Group, LLC v.*

2

*CWCapital Asset Mgmt.,* 2012 WL 1620506, at *3 (E.D.Mo. May 9, 2012) (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1993)).

### A. Plaintiff's discovery requests are not relevant to any claim or defense.

For simplicity purposes, Defendants' will respond to each of Plaintiff's discovery requests as outlined in her Motion to Compel.

**REQUEST 2:** The complete Personnel files of Officers Jason Stockley, Nathan Dresch, Mickey Christ and LaTroy Taylor.

**RESPONSE:** Defendants responded that they had already produced the personnel file bates numbers 86-219 (Stockley), 220-446 (Dresch), and 447-658 (Christ). Defendants objected to production of LaTroy Taylor's personnel file because a motion to dismiss is pending. If Taylor is dismissed from this lawsuit, his personnel file is not relevant to any remaining claims in this lawsuit. If he is not dismissed, Defendants will produce his personnel file under a protective order just as they have produced the other named defendants personnel files.

**REQUEST 8:** A complete list of all lawsuits against the St. Louis Board of Police Commissioners that allege Police Brutality, or violations of Civil Rights, or the Excessive use of force, or the violation of any Constitutional right, assaults, or any other illegal actions filed within the last 20 years.

3

**RESPONSE:** Defendants objected to this production request because it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that there are no allegations of "Police Brutality, or violations of Civil Rights, or the Excessive use of force, or the violation of any Constitutional right, assaults, or any other illegal actions" in Plaintiff's Second Amended Complaint.

**REQUEST 16:** Any and all documents that support Defendants affirmative defenses.

**RESPONSE:** Defendants objected to this production request as it related to any documentation that is protected by work-product. Defendants indicated in their supplemental responses to see "all documents produced in response to Plaintiff's production requests." Furthermore, Defendants advised Plaintiff that they would "timely produce any responsive non privileged documents subject to the Court's case management order for pre trial disclosures." Subject to this response, Defendants have no additional documents to produce in response to this request.

**REQUEST 17:** Provide dates, Courts and Case Numbers that Former Chief Daniel Isom and or St. Louis Board of Police Department, Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor has been named as Defendant.

**RESPONSE:** Defendants objected to this request based on the fact that there is no time period or cause of action indicated in this production requests. As a result, this request is overly broad and unduly burdensome. Furthermore, such a broad request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Lastly, there are no allegations of wrongdoing directed against "Chief Daniel Isom and or St. Louis Board of Police Department." The need for any such information related to the Board or Chief Isom amounts to nothing more than a fishing expedition.

**REQUEST 18:** Provide a list of all parties that have filed lawsuits against Chief Daniel Isom and or the Board of Police Commissioners, Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor.

**RESPONSE:** Defendants objected to this request based on the fact that there is no time period or cause of action indicated in this production requests. As a result, this request is overly broad and unduly burdensome. Furthermore, such a broad request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Lastly, there are no allegations of wrongdoing directed against "Chief Daniel Isom and or St. Louis Board of Police Commissioners." The need for any such information related to the Board or Chief Isom amounts to nothing more than a fishing expedition.

**REQUEST 19:** Provide copies of all articles, books and journals Chief Isom has authored or contributed to as co-author.

**RESPONSE:** Defendants objected to this production request in that it is irrelevant to any claim or defense and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST 21:** Provide a copy of the exam referred to as the "MMIP" exam.

**RESPONSE:** Defendants objected to this request in that it is vague and ambiguous in that MMIP is not defined, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have no knowledge what Plaintiff is referring to as an "MMIP." If this is something to do with psychological testing, there are no allegations in Plaintiff's Second Amended Complaint references mental issues of any Defendants. Furthermore, the parties Case Management Order specifically indicate no request for mental exam is needed and lastly, the expert disclosure date deadline was June 15, 2012.

**REQUEST 22:** Provide any answer key, and rubrics used to interpret the "MMIP" exam.

**RESPONSE:** Defendants objected to this request in that it is vague and ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have no knowledge what

Plaintiff is referring to as an "MMIP." If this is something to do with psychological testing, there are no allegations in Plaintiff's Second Amended Complaint references mental issues of any defendants. Furthermore, the parties Case Management Order specifically indicate no request for mental exam is needed and lastly, the expert disclosure date deadline was June 15, 2012.

**REQUEST 24:** Chief Isom's General Orders for the last ten years.

**RESPONSE:** Defendants objected to this request based on the fact that it is vague and ambiguous. Chief Isom has nothing called "General Orders." Furthermore, Defendants objected there is no subject matter referenced in this production requests. As a result, this request is overly broad and unduly burdensome. Furthermore, such a broad request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Lastly, there are no allegations of wrongdoing directed against Chief Isom. The need for any such information related to Chief Isom amounts to nothing more than a fishing expedition.

**REQUEST 25:** Identify Officers of the St. Louis Police Department that have been found liable for filing false reports if adjudicated, the case numbers, and the courts that made the findings.

**RESPONSE:** Defendants objected to this request as vague and ambiguous as it relates to "officers" of the St. Louis Police Department found

liable for filing false reports. Defendants are uncertain as to what "officers" Plaintiff is referring to. In addition, this request is overly broad in that it is not directed to a specific time frame. It is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that there are no allegations of false reporting in this case. Lastly, there are no allegations of wrongdoing directed against the St. Louis Board of Police Commissioners or the Department. The need for any such information amounts to nothing more than a fishing expedition.

**REQUEST 26:** Identify the number of excessive force complaints against the St. Louis Police Department in the last ten years.

**RESPONSE:** Defendants objected to this request based on the fact that there are no allegations of wrongdoing directed against "St. Louis Police Department" or Board. The need for any such information related to the Board amounts to nothing more than a fishing expedition.

**REQUEST 27:** Provide internal affairs annual report on Police Officer's complaints and investigations.

**RESPONSE:** Defendants objected to this production request in that it is not directed to a specific time frame or type of complaints. Most importantly, there are no allegations of wrongdoing directed against St. Louis Police Department or the Board. Thus, such discovery is not relevant to any claim or defense in this case.

**REQUEST 29:** Chief Isom's Deposition transcript from S.L. V. St. Louis Police Board.

**RESPONSE:** Defendants objected to this request in that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The allegations in the case referenced above have no similar allegations of facts or causes of action as the case at bar. Furthermore, there are no allegations of wrongdoing by Chief Isom in Plaintiff's complaint. Thus, production of such documentation is not relevant to any claim or defense in this case.

**REQUEST 31:** Please provide all complaints filed against Defendants Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor for but not limited to, excessive use of force, or Civil Rights Violations, Section 1983, Section 1981, or Assault.

**RESPONSE:** Defendants objected to this production request in that it is vague and ambiguous in that defendants' are uncertain what type of "complaints" Plaintiff is referring to. If Plaintiff is referring to internal complaints, Defendants object in that this request calls for information that may be closed under Chapter 610.021(13) RSMo. Any internal complaints that were investigated by the department would be contained in the defendants' respective personnel files which Plaintiff has in his possession.

**REQUEST 32:** Provide all documents concerning lawsuits, complaints, and arrest resulting in bodily harm to suspects detained, restrained or apprehended by Defendants Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor.

**RESPONSE:** Defendants objected to this request based on the fact that there is no time period indicated in this production requests. As a result, this request is overly broad and unduly burdensome. Furthermore, such a broad request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Lastly, Defendants objected to this production request in that it is vague and ambiguous in that Defendant's are uncertain what type of "complaints" Plaintiff is referring to. If Plaintiff is referring to internal complaints, Defendants object in that this request calls for information that may be closed under Chapter 610.021(13) RSMo. Any internal complaints that were investigated by the department would be contained in the defendants' respective personnel files which Plaintiff has in his possession.

**REQUEST 33:** Provide statements, reports, and internal memorandums concerning each Officer Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor and allegations that they in concert or individually used excessive force, whether authored by supervisors, FBI,

Internal Affairs, Homicide, Board of Police Commissioners, or any other investigatory body.

**RESPONSE:** Defendants objected to this request in that it is vague and ambiguous and counsel simply does not understand what Plaintiff is requesting outside information contained in Defendants personnel files that have already been produced. Defendants may supplement this response after the court's ruling on LaTroy Taylor's motion to dismiss.

**REQUEST 34:** Provide all statements given to St. Louis City Homicide Department or Internal Affairs in furtherance of Homicide investigations involving any incidents officers Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor may have been involved.

**RESPONSE:** Defendants objected to this request in that it is vague and ambiguous and calls for information that is protected from disclosure by to §§ 610.010 RSMo. *et seq*. This request is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The pending case is not a homicide case. This is an excessive force case. The requested information is irrelevant.

**REQUEST 35:** Provide dates, times, suspect names, addresses and phone numbers that Officer Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor individually or in concert with other officers, used their taser, baton, mace, or firearm in arresting a suspect.

11

**RESPONSE:** Defendants objected to this request in that it is vague and ambiguous and calls for information that is protected from disclosure by to §§ 610.010 RSMo. *et seq*. This request is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The pending case is not a taser, baton, mace, or firearm case. The requested information is irrelevant.

**REQUEST 36:** Provide name, address, phone numbers, and dates of any suspect that was injured while in the custody of Defendants Jason Stockley, Nathan Dresch, Mickey Christ or LaTroy Taylor.

**RESPONSE:** Defendants objected to this request in that it is vague and ambiguous and calls for information that is protected from disclosure by to §§ 610.010 RSMo. *et seq*. This request is also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUESTS 37:** Provide copy of operating procedures training on the use of force in effect at the time of Ms. Chanel Taylor's arrest.

**RESPONSE:** Defendants responded that they previously produced the document responsive to this request. More specifically should see document bates numbers 38-64 produced in January 2012.

Respectfully submitted,

CHRIS KOSTER
Missouri Attorney General

*/s/Dana Walker Tucker*
Dana Walker Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63101
(314) 340-7652 telephone
(314) 340-7891 facsimile
Dana.tucker@ago.mo.gov
*Attorney for defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2013, the foregoing pleading was filed electronically with the Clerk of the Court to be served by operation of the Courts electronic filing system and also mailed via U.S. mail service to:

Larry S. Fields
1000 St. Louis Union Station
Suite 101
St. Louis, MO 63103
*Attorney for Plaintiff*

*/s/Dana Walker Tucker*
Assistant Attorney General