**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHANEL TAYLOR,                                  ) | |
| by her next friend, Morline Patton Taylor,      ) | |
|                                                 ) | |
|                      Plaintiff,                 ) | |
|                                                 ) | |
|          v.                                     )          No. 4:11-CV-1351 CAS | |
|                                                 ) | |
| DANIEL ISOM, et al.,                            ) | |
|                                                 ) | |
|                      Defendants.                ) | |

**MEMORANDUM AND ORDER**

   This matter is before the Court on defendant Latroy Taylor's motion to dismiss the claims against him in plaintiff's Second Amended Complaint ("Complaint").  Plaintiff Chanel Taylor opposes the motion and it is fully briefed.  For the following reasons, the Court will grant the motion to dismiss as to plaintiff's state law claims of assault and battery in Count IV on the basis of official immunity, and deny it in all other respects.

**Background**

   This action arises out of an incident that occurred on September 28, 2010.  The Complaint alleges that plaintiff Chanel Taylor, a minor, observed defendant St. Louis police officers Dresch, Christ and Taylor arresting an individual named Kwame H., and saw the officers force his face and body to the ground, with one officer placing his forearm in the man's neck and another placing his knee in the man's back.  Plaintiff thought these actions were police brutality and she "verbally expressed her displeasure to officers."  Complaint at 4, ¶¶ 10-14.  Plaintiff was 5 feet 2 inches tall and weighed 125 pounds at the time.  Officer Taylor called for emergency backup, and defendant Stockley and another officer arrived.  Taylor ordered Stockley to arrest plaintiff.  Although plaintiff did not resist, Stockley grabbed her right arm, placed it in a position known as an "arm bar" and

twisted plaintiff's right arm until her wrist broke.  Plaintiff's body went limp and she was taken into custody.  Complaint at 4, ¶¶ 14-20.

Plaintiff asked Stockley, Taylor, Dresch and Christ for immediate medical care but all declined.  Plaintiff was transported to the St. Louis Metropolitan police station where she was booked and processed, and asked for medical attention throughout the process.  Plaintiff was denied medical attention for approximately five hours, and then was taken to the Children's Hospital emergency room where it was confirmed that her right wrist was fractured.  After receiving treatment, plaintiff was returned to the St. Louis City Justice Center and charged with Interference with a Police Officer and Resisting Arrest in violation of St. Louis City Ordinances, and those charges remain pending.  Id. at 5, ¶¶ 22-27.

The Complaint alleges that the charges filed against plaintiff have no legal or factual merit and were issued for pretextual reasons to cover up the defendants' misconduct against plaintiff, as plaintiff did not at any time accost, assault, resist or otherwise provoke the defendant police officers' assault and use of force against her.  The Complaint also alleges that each of the defendant police officers had the ability to intercede and prevent physical harm from occurring to plaintiff, but they failed to so intercede.  Id. at ¶¶ 28-30.

The Complaint asserts three civil rights claims pursuant to 42 U.S.C. § 1983 against defendants Stockley, Taylor, Dresch and Christ:  use of excessive force (Count I); "unlawful seizure by arrest and detention" (Count II); and conspiracy to violate plaintiff's civil rights (Count III).  The Complaint also asserts supplemental state law claims: assault and battery against defendants Stockley and Taylor (Count IV); and false arrest and false imprisonment against defendants

Stockley, Taylor, Dresch and Christ (Count V).[1]  Defendants Stockley, Taylor, Dresch and Christ are sued in their individual and official capacities.  Complaint at 4, ¶ 8.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff need not provide specific facts in support of its allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Id. at 562 (quoted case omitted).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and

---

[1]Also named as defendants in the Complaint are St. Louis Police Chief Daniel Isom and the individual members of the St. Louis Board of Police Commissioners: Bettye Battle, Richard Gray, Thomas Irwin, Jerry Lee and Francis G. Slay.  None of the counts of the Complaint seek any relief from these defendants.

reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.

Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions, however.  Iqbal,

129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice").  Although legal conclusions can provide the

framework for a complaint, they must be supported by factual allegations.  Id. at 1950.  Plausibility

is assessed by considering only the materials that are "necessarily embraced by the pleadings and

exhibits attached to the complaint[.]"  Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012)

(quoted case omitted).  The plausibility of the plaintiff's claim is reviewed "as a whole, not the

plausibility of each individual allegation."  Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893,

896 n.4 (8th Cir. 2010).

**Discussion**

    A.  <u>Eleventh Amendment Immunity</u>

Defendant Taylor first argues that plaintiff's claims against him in his official capacity must

be dismissed for lack of subject matter jurisdiction because they are barred by the Eleventh

Amendment to the United States Constitution, which bars suits against a state or one of its agencies

in federal court unless the state has given consent to be sued.  In support of his motion, defendant

cites several Supreme Court cases discussing Eleventh Amendment principles, specifically

Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1994); Quern v. Jordan, 440 U.S.

332 (1979), and Will v. Michigan Department of State Police, 491 U.S. 58 (1989).  Defendant makes

the conclusory assertion that plaintiff "is suing Taylor in his official capacity; thus her suit is against

the state."  Def.'s Mem. Supp. at 4.  Implicit in defendant's argument is the necessary proposition

4

that his employer, the St. Louis Metropolitan Police Department, is an arm of the state.  Plaintiff failed to respond to defendant's Eleventh Amendment argument in her opposition memorandum.

The "sovereign immunity enjoyed by states and recognized in the Eleventh Amendment bars private parties from bringing actions for damages against unconsenting states in federal courts." Thomas v. Saint Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084 (8th Cir.2006) (citations omitted).  Eleventh Amendment immunity "extends to states and 'arms' of the state," but it does not extend to local governments.  Id.  "[T]he question whether a particular state agency . . . is . . . an arm of the State, and therefore 'one of the United States' within the meaning of the Eleventh Amendment, is a question of federal law."  Id. (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 n.5 (1997)).

The United States Supreme Court has squarely held that the St. Louis Board of Police Commissioners is not an "arm of the state" for purposes of Eleventh Amendment immunity.  Auer v. Robbins, 519 U.S. 452, 456 n.1 (1997) ("The Board of Police Commissioners . . . does not share the immunity of the State of Missouri."); see also Thomas, 447 F.3d 1082 (reversing dismissal of claims against the members of the St. Louis Board of Police Commissioners on the basis of Eleventh Amendment immunity; citing Auer).  In Thomas, the Eighth Circuit observed that while "[r]ecent developments in Missouri law appear to have eroded the Eleventh Amendment" analysis in Auer, only the Supreme Court can overrule Supreme Court precedent.  Id. at 1086.  Defendant Taylor does not cite to any decision overruling Auer and, in fact, his motion does not acknowledge the existence of Auer, Thomas, or any of this Court's multiple decisions following Auer and Thomas and holding

that the St. Louis Board of Police Commissioners and its employee police officers are not entitled to Eleventh Amendment immunity.[2]

Based on the controlling precedent of Auer and Thomas, the Court will deny defendant Taylor's motion to dismiss plaintiff's claims against him on the basis of Eleventh Amendment immunity.

B. Qualified Immunity

Defendant Taylor moves to dismiss plaintiff's claims against him in his individual capacity on the basis of qualified immunity. Taylor's motion makes the conclusory assertion that he is entitled to qualified immunity, but does not specify the claims in the Complaint to which this defense is raised. "Qualified immunity protects a government official from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known." Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Taylor's qualified immunity defense is therefore necessarily directed only to the counts asserting liability under § 1983.

_____

[2]In recent years, this Court has denied motions to dismiss or for summary judgment that asserted Eleventh Amendment immunity on behalf of St. Louis police officers or the St. Louis Board of Police Commissioners in numerous cases, in at least five of which the Missouri Attorney General's Office was counsel of record. See, e.g., S.L. ex rel. Lenderman v. St. Louis Metropolitan Police Dep't Bd. of Comm'rs, 2012 WL 3564030, at *6 (E.D. Mo. Aug. 17, 2012) (Jackson, J.) (St. Louis police chief and officers were not entitled to Eleventh Amendment immunity to the extent they were sued in their official capacities because the Board of Police Commissioners is not an arm of the State of Missouri, citing Auer and Thomas); Williams v. Burkemper, 2008 WL 4372738, at *3 (E.D. Mo. Sept. 22, 2008) (Shaw, J.) (St. Louis police officer was not entitled to Eleventh Amendment immunity under Auer and Thomas); Miller v. Albright, 2008 WL 2224794, at **2-3 (E.D. Mo. May 27, 2008) (Shaw, J.) (members of St. Louis Board of Police Commissioners were not entitled to Eleventh Amendment immunity under Auer and Thomas); Moore v. Weber, 2007 WL 4565027, at *1 (E.D. Mo. Dec. 20, 2007) (Stohr, J.) (St. Louis police officers were not entitled to Eleventh Amendment immunity under Auer and Thomas); Johnson v. Rollins, 2006 WL 2546807, at **5-6 (E.D. Mo. Aug. 31, 2006) (Limbaugh, J.) (members of St. Louis Board of Police Commissioners were not entitled to Eleventh Amendment immunity under Auer and Thomas).

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is not available "if an official 'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.'"  Id. at 815 (quoting Wood v. Strickland, 420 U.S. 308, 322 (1975)).  "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."  Hunter v. Bryant, 502 U.S. 224, 229 (1991) (internal quotations omitted).

In determining whether an officer is entitled to qualified immunity, the Court employs a two-step analysis that asks:  (1) whether the alleged facts, when viewed in the light most favorable to the plaintiff, demonstrate that the official's conduct violated a constitutional right; and (2) whether the constitutional right being asserted is clearly established.  Wallingford v. Olson, 592 F.3d 888, 892 (8th Cir. 2010) (cited cases omitted).  The Court may address either question first.  See Pearson v. Callahan, 555 U.S. 223, 236 (2009).  "If either question is answered in the negative, the public official is entitled to qualified immunity."  Norris v. Engles, 494 F.3d 634, 637 (8th Cir. 2007) (quoted case omitted).  "'To determine whether a right is clearly established we ask whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  White v. McKinley, 519 F.3d 806, 813 (8th Cir. 2008) (quoted case omitted).

Because the Court is addressing the issue of qualified immunity in a motion to dismiss, the answers to these two questions are entirely dependent upon what the Complaint alleges.  See Dornheim v. Sholes, 430 F.3d 919, 926 (8th Cir. 2005) ("A rule 12(b)(6) dismissal based on

qualified immunity is appropriate 'when the immunity is established on the face of the complaint.'")
(quoting Whisman v. Rinehart, 119 F.3d 1303, 1309 (8th Cir. 1997)).  Thus, to prevail on his motion
to dismiss based on qualified immunity, Taylor "must show that []he is entitled to qualified
immunity on the face of the complaint."  Bradford v. Huckabee, 394 F.3d 1012, 1015 (8th Cir.
2005).  Taylor is "entitled to qualified immunity unless [plaintiff] has alleged the violation of a
constitutional right that was clearly established at the time of the alleged violation."  Hafley v.
Lohman, 90 F.3d 264, 266 (8th Cir. 1996).  As with any motion to dismiss, the Court "must accept
the allegations in the complaint as true and construe all reasonable inferences therefrom in favor of
[plaintiff] at this early stage of the litigation."  Id. at 267.[3]

In support of his motion, Taylor cites cases that discuss general principles of qualified
immunity, but with respect to the allegations of plaintiff's Complaint his entire argument is as
follows: "Plaintiff has not alleged facts sufficient to overcome Defendant's qualified immunity.  In
particular, Plaintiff has failed to aver sufficiently-particularized allegations demonstrating that
Taylor violated her constitutional rights.  Thus, Taylor is entitled to qualified immunity."  Def.
Taylor's Mem. Supp. at 5-6.  These conclusory assertions are of little assistance in determining
whether Taylor's motion to dismiss should be granted.  Taylor's memorandum in support does not
discuss the facts alleged in the Complaint, identify the constitutional claims at issue, or assert that

---

[3]The Eighth Circuit has stated that qualified immunity is usually determined on motions for
summary judgment: "Qualified immunity is usually raised in a motion for summary judgment after
a limited amount of discovery has been conducted to determine whether defendants acted objectively
in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the
alleged deprivation."  Whisman, 119 F.3d at 1309.  Another district court has observed that Bradford
v. Huckabee, 394 F.3d 1012, 1015 (8th Cir. 2005), is "perhaps the only Eight Circuit Court of
Appeals case to uphold the dismissal of a plaintiff's claims on the basis of qualified immunity
grounds at the motion to dismiss stage," Leventhal v. Schaffer, 2008 WL 111301, at *6 n.7, and "did
so because there was not 'any First Amendment content to [the plaintiff's claims].'  Thus, there
could be no violation of a constitutional right."  Id.

they are not clearly established.  Taylor cites no illustrative case authority supporting dismissal on the basis of qualified immunity in the context of the claims alleged in this case.

In his reply memorandum, Taylor argues that plaintiff's Complaint alleges an active arrest was occurring, plaintiff got involved by voicing her displeasure during that arrest, Taylor called for backup, and therefore a reasonable officer could believe that ordering plaintiff arrested was lawful. In support of this assertion, Taylor cites two Eighth Circuit cases, Weiler v. Purkett, 137 F.3d 1047, 1049 (8th Cir. 1998), and Yowell v. Combs, 89 F.3d 542, 544 (8th Cir. 1996).  These cases discuss qualified immunity but not in the context of a claim for unlawful arrest:  Weiler was a prisoner civil rights case, and Yowell was a claim by a public employee that his demotion and transfer violated his civil rights.  Defendant Taylor's citation to these decisions therefore offers no support for his argument.

At the first step of the qualified immunity analysis, the Court accepts the factual allegations of plaintiff's Complaint as true and views all reasonable inferences in plaintiff's favor.  Under this standard, the Complaint asserts that Taylor violated plaintiff's constitutional rights, specifically her Fourth and Fourteenth Amendment rights to be free from the use of excessive force (Count I), and her Fourth and Fourteenth Amendment rights to be free from arrest and detention without probable cause (Count II).  The Complaint also alleges that Taylor and the other police officer defendants reached a mutual understanding and conspired to violate plaintiff's constitutional rights as set forth in Counts I and II by subjecting her to excessive force, failing to intervene to prevent the use of excessive force, and unlawfully arresting and detaining her (Count III).

It is not apparent on the face of plaintiff's Complaint that she fails to state a claim or that the facts clearly give rise to an immunity defense.  See Kohl v. Casson, 5 F.3d 1141, 1147 n.5) (8th Cir. 1993) ("When the facts presented in the complaint, . . . even when accepted as true, fail to state a

9

claim or clearly give rise to an immunity defense, the claim should be dismissed under Rule 12(b)(6).").  See also Bauer v. Norris, 713 F.2d 408, 412 (8th Cir. 1983) (use of any force by officers simply because a suspect is argumentative, contentious, or vituperative is not to be condoned; "verbal abuse alone does not justify the use of any force.  'Force can only be used to overcome physical resistance or threatened force[.]'"); Nance v. Sammis, 586 F.3d 604, 612 (8th Cir. 2009) (officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment); Small v. McCrystal, 708 F.3d 997 (8th Cir. 2013) (affirming denial of summary judgment based on qualified immunity to defendant police officer where, viewing facts in the light most favorable to plaintiff, a reasonable officer would not believe he had probable cause to arrest the plaintiff for unlawful assembly, disorderly conduct, or interference with official acts where plaintiff may have shouted an obscenity at officers but did not accompany it with any ability or intent to execute a verbal threat physically).

Turning to the second step of the inquiry, the constitutional rights asserted by plaintiff are clearly established.  See Habinger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996) (right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person); Kuehl v. Burtis, 173 F.3d 646, 649 (8th Cir. 1999) ("The Fourth Amendment right of citizens not to be arrested without probable cause is indeed clearly established.").

Based on the foregoing, defendant Taylor is not entitled to qualified immunity at this time and dismissal is not appropriate.

## C.  Official Immunity

Defendant Taylor next argues that he is entitled to dismissal of plaintiff's state law claims based on the doctrine of official immunity.  As previously stated, plaintiff's state law claims are for

assault and battery (Count IV), and false arrest and false imprisonment (Count V).   Taylor's memorandum in support cites basic case law concerning the doctrine of official immunity, but fails to cite any illustrative cases addressing official immunity in the context of the type of claims asserted in this case.  Taylor does not discuss the required elements of plaintiff's state law claims or even discuss plaintiff's claims separately.

The doctrine of official immunity "protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts."  Southers v. City of Farmington. Mo., 263 S.W.3d 603, 610 (Mo. 2008) (en banc).  Official immunity is intended to "permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability."  Id. at 611.

"In Missouri, public officials exercising discretionary duties, as opposed to ministerial duties, are entitled to official immunity from suit for 'all discretionary acts' unless the officials acted 'in bad faith or with malice,' which ordinarily requires 'actual intent to cause injury.'"  Austell v. Sprenger, 690 F.3d 929, 938 (8th Cir. 2012) (quoting State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446-47 (Mo. 1986) (en banc)).  An allegation of "malicious motive or purpose or of conscious wrongdoing" is sufficient under Missouri law to preclude application of the official immunity doctrine.  See Adolf, 706 S.W.2d at 447.

Discretionary acts require "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or pursued."  Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. 1984) (en banc) (quoted case omitted).  In contrast, a ministerial act is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed."  Id.  The

analysis of the act in question "must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and the likely consequences of withholding immunity." Kanagawa v. State ex rel. Freeman, 685 S.W.2d 831, 836 (Mo. 1985) (en banc), overruled on other grounds by Alexander v. State, 756 S.W.2d 539, 542 (Mo. 1988) (en banc).

Accordingly, the Court will engage in a two-step inquiry to determine whether official immunity is available to a public official, by asking: (1) whether the alleged acts are discretionary or ministerial; and (2) whether the alleged acts, even though of the type protected by official immunity, were done in bad faith or with malice and are therefore stripped of the immunity's protection.

### 1. Assault and Battery

Count IV of the Complaint asserts state law claims of assault and battery against defendant Taylor. Under Missouri law "an assault is any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. Ct. App. 2001) (quoted case omitted). "A battery is the willful touching of the person of another, and has been said to be the consummation of the assault." Id. (quoted case omitted). "Every battery contains an assault." Id.

In Missouri, the standard for determining whether a law enforcement officer is liable for assault and battery is different from the standard for determining whether a private individual is liable. Washington v. Drug Enforcement Admin., 183 F.3d 868, 874 (8th Cir. 1999). A police officer making an arrest "is answerable in damages as for assault and battery only when . . . he uses more force than is reasonably necessary." Neal v. Helbling, 726 S.W.2d 483, 487 (Mo. Ct. App.

12

1987).  The plaintiff has the burden of proving the use of  unreasonable force.  Id. ("[A] plaintiff asserting that he was battered in the course of an arrest must prove that the officer used unreasonable force in effecting it").

"Deciding whether or not to arrest someone is a matter of discretion—the officer must decide what course should be pursued based on the circumstances at hand."  Blue v. Harrah's North Kansas City, LLC, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005); see also Highfill v. Hale, 186 S.W.3d 277, 280 (Mo. 2006) (en banc) (noting that the officer has discretion to determine whether to make an arrest).  Therefore, Taylor's order directing Stockley to arrest plaintiff was a discretionary act, as Taylor was required to decide what action to take based on the circumstances that were occurring. The Court must now determine whether there are any factual allegations that Taylor used or directed the use of more force than was reasonably necessary.

The Complaint alleges that defendant Taylor was in the process of arresting a third party and called for emergency backup after plaintiff "verbally expressed her displeasure" at the manner in which he and other officers were carrying out the third party's arrest.  Complaint at 4, ¶¶ 10-14. When defendant Stockley arrived in response to Taylor's call, Taylor ordered Stockley to arrest plaintiff.  Although plaintiff did not offer any resistance, Stockley grabbed plaintiff's right arm and placed it in an "arm bar," breaking her wrist in the process.  Id., ¶¶ 16-19.

The Complaint does not contain any factual allegations that Taylor himself touched or offered to touch plaintiff.  The Complaint also does not allege that Taylor ordered Stockley to arrest plaintiff in a particular manner, to place plaintiff's arm in an "arm bar" or to otherwise apply force to her person.  The Court finds there are no factual allegations that defendant Taylor used or caused the use of more force than was reasonably necessary in effecting plaintiff's arrest.  Absent such allegations, there can be no basis for a finding of bad faith or malice, or actual intent to cause injury.

13

As a result, defendant Taylor is entitled to official immunity on plaintiff's assault and battery claims in Count IV.

### 2.  False Arrest and Imprisonment

Count V of the Complaint asserts state law claims of false arrest and imprisonment against defendant Taylor.   Under Missouri law, the elements of an action for false arrest are "the confinement, without legal justification, by the wrongdoer of the person wronged," against the will of the person confined.  Day v. Wells Fargo Guard Service Co., 711 S.W.2d 503, 504-05 (Mo. 1986) (en banc); Rustici, 673 S.W.2d at 767.   A defendant may be liable for false arrest if he actually arrests or restrains a person, or if he encourages, causes, promotes or instigates the arrest or restraint by another.  See, e.g., Day, 711 S.W.2d at 505; Smith v. Allied Supermarkets, Inc., 524 S.W.2d 848 (Mo. 1975) (en banc).   The elements required to prove false arrest and false imprisonment are identical in Missouri.   Rustici, 673 S.W.2d at 767.   The Court therefore discusses these claims together.

"The issue in false arrest is . . . whether there was lawful authority for making the arrest." Blue, 170 S.W.3d at 479.   An officer is empowered to make an arrest if he has reasonable grounds to believe that the person is guilty of the offense.  Rustici, 673 S.W.2d at 769.   For a false arrest claim, "Missouri law requires a plaintiff to establish that the defendant lacked probable cause for the arrest."[4]  Joseph v. Allen, __ F.3d __, 2013 WL 1500988, at *5 (8th Cir. Apr. 15, 2013).  "A police officer who has probable cause to believe that a suspect has committed a crime is not liable

---

[4]"Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense."  Joseph v. Allen, __ F.3d __, 2013 WL 1500988, at *5 (quoting State v. Tokar, 918 S.W.2d 753, 767 (Mo. 1996) (en banc)).

for the state law tort of false arrest simply because the suspect is later proven innocent or the charges are dismissed."  <u>Kurtz v. City of Shrewsbury</u>, 245 F.3d 753, 757 (8th Cir. 2001).

As stated above, it is established that a police officer exercises discretion in deciding whether or not to arrest someone.  <u>Blue</u>, 170 S.W.3d at 479.  "Police officers are not liable for negligent acts that are related to discretionary functions."  <u>Id.</u>  However, "official immunity does not apply to discretionary acts done in bad faith or with malice."  <u>Id.</u>  Under Missouri law, "Bad faith . . . embraces more than bad judgment or negligence."  <u>Adolf</u>, 706 S.W.2d at 447 (quoted case omitted).  "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud."  <u>Id.</u> (quoted case omitted).  "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another."  <u>Id.</u>

The Court has determined that defendant Taylor is not entitled to qualified immunity on plaintiff's unlawful arrest and detention claim under Section 1983.  Taylor could still be protected from liability for false arrest and imprisonment under state law by official immunity.  Taylor's decision to order plaintiff's arrest was a discretionary act.  The remaining inquiry for purposes of official immunity is whether Taylor may have acted in bad faith or with malice in ordering plaintiff arrested and detained.

Plaintiff's Complaint contains facts suggesting her arrest was made without probable cause, as plaintiff alleges that she did not commit any offense, threaten, or resist the officers, and that Taylor ordered her arrested because she voiced her displeasure at the method by which the officers

were arresting the third party.[5]  The Complaint also alleges that the charges issued against plaintiff were pretextual and were issued in order to conceal the defendants' misconduct toward her, which is an allegation of conscious wrongdoing.

A police officer would know that arresting a person without probable cause is contrary to his duty.  "Malice, in the official immunity context, means intentionally committing an act that the official has reason to believe is legally prohibited." Terbrock v. Berry, 2010 WL 3075712, at *9 (E.D. Mo. Aug. 3, 2010) (quoted case omitted).  This Court has denied summary judgment on the basis of official immunity for a false arrest claim where the arresting officer did not have probable cause to arrest.  See Wilson v. City of Hazelwood, Mo., 530 F.Supp.2d 1059, 1068-69 (E.D. Mo. 2007); see also Parris v. Huttie, 2007 WL 2434058, at *10 (W.D. Mo. Aug. 21, 2007) (denying summary judgment on the basis of official immunity for false arrest claim where facts were "in dispute as to whether the arrest of plaintiff was proper," as the disputed facts "provide a question of fact as to whether defendants . . . acted intentionally and with malice.").

The Court finds that plaintiff's allegations against Taylor, when taken as true and viewed in the light most favorable to her, fall within the scope of bad faith or conscious wrongdoing.  Based on plaintiff's allegations, a jury could find that Taylor ordered plaintiff's arrest knowing he lacked probable cause to do so, and under the circumstances this could be a discretionary act done in bad faith or with malice.  Taylor's motion to dismiss plaintiff's false arrest and false imprisonment claims in Count V on the basis of official immunity should therefore be denied.

---

[5]On a motion to dismiss, where the facts alleged in plaintiff's Complaint must be accepted as true, the existence of probable cause is a question of law.  See Joseph v. Allen, 2013 WL 1500988, at *5 ("[W]here the evidence is not conflicting, or where the facts are conceded, . . . the relevant question is one of law for the court to decide.") (quoting Signorino v. National Super Markets, Inc., 782 S.W.2d 100, 103 (Mo. Ct. App. 1989)).

D. <u>Public Duty Doctrine</u>

Defendant Taylor also moves to dismiss plaintiff's remaining state law claims of false arrest and false imprisonment based on the Missouri public duty doctrine. "The public duty doctrine states that a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual. This public duty rule is based on the absence of a duty to the particular individual, as contrasted to the duty owed to the general public." <u>Southers</u>, 263 S.W.3d at 611 (internal citation and citation omitted). The public duty doctrine is similar to but distinct from the official immunity doctrine:

> The applicability of the public duty doctrine negates the duty element required to prove negligence, such that there can be no cause of action for injuries sustained as the result of an alleged breach of public duty to the community as a whole. <u>Christine H. v. Derby Liquor Store</u>, 703 S.W.2d 87, 89 (Mo. App. 1985). In this way, the public duty doctrine's impact is distinguishable from the doctrine of official immunity. Application of the public duty doctrine leaves the plaintiff unable to prove all the elements of his claim for negligence, whereas application of the doctrine of official immunity merely impacts liability, but does not destroy the underlying tort.

<u>Southers</u>, 263 S.W.3d at 612. "[T]he protections of the public duty doctrine are not intended to be limitless, and, just as the doctrine of official immunity will not apply to conduct that is willfully wrong or done with malice or corruption, the public duty doctrine will not apply where defendant public employees act 'in bad faith or with malice.'" <u>Id.</u> (footnote omitted).

As discussed above, the Court has found plaintiff's allegations that defendant Taylor intentionally arrested and detained her without probable cause are sufficient to allege the existence of bad faith and malice. In addition, the Complaint does not allege that defendant Taylor failed to carry out a duty owed to the general public. Rather, plaintiff alleges an intentional action carried out by Taylor. "Such acts go beyond the protection of the public duty doctrine." <u>White v. International Ass'n of Firefighters, Local 42</u>, 738 S.W.2d 933, 938 (Mo. Ct. App. 1987). Defendant

17

Taylor's motion to dismiss plaintiff's false arrest and false imprisonment claims on the basis of the public duty doctrine should therefore be denied.

**Conclusion**

For the foregoing reasons, the Court finds that defendant Latroy Taylor's motion to dismiss should be granted as to plaintiff's state law claims of assault and battery in Count IV on the basis of the Missouri official immunity doctrine, and denied in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Taylor's motion to dismiss is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** as to plaintiff's state law assault and battery claims in Count IV, and **DENIED** in all other respects.  [Doc. 56]

An appropriate order of partial dismissal will accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  _2nd_  day of May, 2013.

18