UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHANEL TAYLOR, ) | |
| by her next friend, Morline Patton Taylor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1351 CAS |
| ) | |
| DANIEL ISOM, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure filed by defendants Bettye Battle-Turner, Richard Gray, Thomas Irwin, Jerry Lee and Francis Slay, the members of the St. Louis Board of Police Commissioners (collectively, the "Board") and defendant Daniel Isom.[1] Plaintiff Chanel Taylor has not filed any opposition to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

**Background**

This action arises out of an incident that occurred on September 28, 2010. The Second Amended Complaint ("Complaint") alleges that plaintiff Chanel Taylor, a minor, observed defendant St. Louis police officers Dresch, Christ and Taylor arresting an individual named Kwame H., and saw the officers force his face and body to the ground, with one officer placing his forearm

---

[1] Defendant Battle-Turner was sued as "Bettye Battle." The defendants' motion also purports to be filed on behalf of defendant St. Louis Metropolitan Police Department Board of Police Commissioners, but this defendant was omitted from the Second Amended Complaint filed on December 8, 2012, and therefore was terminated from the case on that date. The motion is therefore moot with respect to this defendant.

in the man's neck and another placing his knee in the man's back. Plaintiff thought these actions were police brutality and she "verbally expressed her displeasure to officers." Complaint at 4, ¶¶ 10-14. Plaintiff was 5 feet 2 inches tall and weighed 125 pounds at the time. Officer Taylor called for emergency backup, and defendant Stockley and another officer arrived. Taylor ordered Stockley to arrest plaintiff. Although plaintiff did not resist, Stockley grabbed her right arm, placed it in a position known as an "arm bar" and twisted plaintiff's right arm until her wrist broke. Plaintiff's body went limp and she was taken into custody. Complaint at 4, ¶¶ 14-20.

Plaintiff asked Stockley, Taylor, Dresch and Christ for immediate medical care but all declined. Plaintiff was transported to the St. Louis Metropolitan police station where she was booked and processed, and asked for medical attention throughout the process. Plaintiff was denied medical attention for approximately five hours, and then was taken to the Children's Hospital emergency room where it was confirmed that her right wrist was fractured. After receiving treatment, plaintiff was returned to the St. Louis City Justice Center and charged with Interference with a Police Officer and Resisting Arrest in violation of St. Louis City Ordinances, and those charges remain pending. Id. at 5, ¶¶ 22-27.

The Complaint alleges that the charges filed against plaintiff have no legal or factual merit and were issued for pretextual reasons to cover up the defendants' misconduct against plaintiff, as plaintiff did not at any time accost, assault, resist or otherwise provoke the defendant police officers' assault and use of force against her. The Complaint also alleges that each of the defendant police officers had the ability to intercede and prevent physical harm from occurring to plaintiff, but they failed to so intercede. Id. at ¶¶ 28-30.

The Complaint asserts three civil rights claims pursuant to 42 U.S.C. § 1983 against police officer defendants Stockley, Taylor, Dresch and Christ, who are sued in their individual and official

2

capacities: use of excessive force (Count I); "unlawful seizure by arrest and detention" (Count II); and conspiracy to violate plaintiff's civil rights (Count III). The Complaint also asserts supplemental state law claims for assault and battery against defendants Stockley and Taylor (Count IV), and false arrest and false imprisonment against defendants Stockley, Taylor, Dresch and Christ (Count V).

The Complaint also names as defendants the members of the St. Louis Board of Police Commissioners – defendants Battle, Gray, Irwin, Lee and Slay – and Police Chief Daniel Isom. The Complaint alleges that the police officer defendants were "acting pursuant to either official policy or the custom and practice of the St. Louis Metropolitan Police Department." Complaint at 3, ¶¶ 4-7. No count of the Complaint is specifically directed against or seeks any relief from the Board or defendant Isom.

**Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings. A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555

3

& n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. at 1950. The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

**Discussion**

The Board and defendant Isom assert in their motion for judgment on the pleadings that the Complaint is devoid of any allegations attaching liability of the police officer defendants to either the Board or Isom, and fails to plead any allegations regarding a custom or policy instituted by the Board or Isom that directly led to the alleged deprivation of plaintiff's rights. As a result, these defendants contend that plaintiff has failed to allege any facts establishing a cause of action under

§ 1983 against them, and therefore they are entitled to judgment on the pleadings on all counts of the Complaint.

As stated above, plaintiff does not assert any claims or counts directly against the Board or Isom, but her claims against the individual officer defendants in their official capacities are the equivalent of a claim against the Board. A suit against government officers in their official capacities is the functional equivalent of a suit against the governmental entity. See Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 690 n.55 (1978); Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).

It is well established that § 1983 will not support a claim based on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell, 436 U.S. at 694. Liability under § 1983 requires a causal link to and direct responsibility for the alleged deprivation of rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). A local government entity cannot be held liable under section 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior. See Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996) (citing Monell, 436 U.S. at 694 (municipality will not be held vicariously liable under § 1983 for injuries inflicted solely by its employees). Rather, a plaintiff seeking to impose such liability is required to identify either an official policy or a widespread custom or practice that was the moving force behind the plaintiff's injury. See Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997); Russell v. Hennepin County, 420 F.3d 841, 848 (8th Cir. 2005).

An official policy represents a deliberate choice to follow a course of action, made from among various alternatives by an official who maintains the final authority to establish governmental policy. See Ware v. Jackson County, Mo., 150 F.3d 873, 880 (8th Cir. 1998). "Although rare, a public official's single incident of unconstitutional activity can establish the requisite policy if the

5

decision is 'taken by the highest officials responsible for setting policy in that area of the government's business.'" Rynders v. Williams, 650 F.3d 1188, 1195 (8th Cir. 2011 (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)). "Alternatively, liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the [entity] as to constitute a 'custom or usage' with the force of law." McGautha v. Jackson Cnty., Mo., Collections Dep't, 36 F.3d 53, 56 (8th Cir. 1994) (internal quotation marks and citation omitted). "Liability for an unconstitutional custom or usage, however, cannot arise from a single act." Id. at 57. Instead, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." Jenkins v. County of Hennepin, Minn., 557 F.3d 628, 634 (8th Cir. 2009) (internal quotation marks and citation omitted).

Here, plaintiff's Complaint alleges that police officers Stockley, Dresch, Christ and Taylor were "acting under the direction and control of the City of St. Louis Board of Police Commissioners and Chief of Police, and [were] acting pursuant to either official policy or the custom and practice of the St. Louis Metropolitan Police Department." Complaint at 3, ¶¶ 4-7. (Doc. 44) The Complaint also alleges that the police officer defendants "acted under color of the laws, statutes, ordinances, regulation, policies, customs, and usages of the State of Missouri, and the St. Louis Metropolitan Police Department and pursuant to their authority as Police officers, respectively." Id. at 4, ¶ 9.

The Supreme Court has rejected any heightened pleading requirement for claims against a governmental entity. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165-66 (1993). To survive a motion for judgment on the pleadings, however, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Considering this pleading standard, in order to state a viable § 1983 claim against the Board or Isom, plaintiff was required to plead facts sufficient to show at least an

6

inference that her constitutional rights were violated as a result of action taken pursuant to an official policy, or as a result of misconduct so pervasive among non-policymakers as to constitute a widespread custom and practice with the force of law.  See Kuha v. City of Minnetonka, 365 F.3d 590, 603-04 (8th Cir. 2003), overruled on other grounds by Szabla v. City of Brooklyn Park, Minn., 486 F.3d 385 (8th Cir. 2007) (en banc).

      Assuming arguendo that plaintiff suffered a constitutional deprivation, she has pleaded no facts in the Complaint that would demonstrate the existence of either an official policy or a widespread custom or practice that caused the deprivation.  Plaintiff's allegations concerning official policy and custom are mere labels and conclusions, which are inadequate to state a claim.  Twombly, 550 U.S. at 555.  Although plaintiff need not identify the specific unconstitutional policy to survive a motion for judgment on the pleadings, see Crumpley-Patterson v. Trinity Lutheran Hospital, 388 F.3d 588, 591 (8th Cir.2004), she must, at the least, allege facts that would support the drawing of an inference that the conduct complained of resulted from the existence of an unconstitutional policy or custom.  Id.  Plaintiff does not plead any facts that would support the existence of an unconstitutional policy or custom.  Rather, all the facts alleged relate to the actions of the police officer defendants themselves.  "Generally, an isolated incident of alleged police misconduct, such as [plaintiff] alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983."  Ulrich v. Pope County, __ F.3d __, 2013 WL 2157812, at *5 (8th Cir. May 21, 2013).

      In the absence of any factual allegations to support the existence of an unconstitutional policy or custom, there is no basis upon which to hold the Board or Isom liable under § 1983.  These defendants' motion for judgment on the pleadings should therefore be granted.

**Conclusion**

For the foregoing reasons, the Court will grant the Board and defendant Isom's motion for judgment on the pleadings on plaintiff's claims against them under 42 U.S.C. § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Judgment on the Pleadings of defendants Battle-Turner, Gray, Irwin, Lee, Slay and Isom is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.  [Doc. 89]

An appropriate partial judgment will accompany this memorandum and order.

                                                                      _____
                                                                      **CHARLES A. SHAW**
                                                                      **UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of June, 2013.